# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ARCHIE CRANFORD, | Case No. 1:14-cv-01321-SAB-HC |
|---|---|
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY |
| v. | (ECF No. 5) |
| EMPLOYEES OF COALINGA HOSPITAL, | |
| Respondents. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On October 17, 2014, Petitioner filed the instant motion for discovery.

Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause.  Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  Bracy v. Gramley, 520 U.S. at 908-09 (citing Harris v. Nelson, 394 U.S. 287 (1969). Discovery will not be allowed so that the petition can "explore [his] case in search of its

existence," looking for new constitutional claims. See Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999). If good cause is shown, the extent and scope of discovery is within the court's discretion. See Habeas Rule 6(a).

Here, Petitioner does not state any specific requests for discovery. In fact, he does not discuss discovery at all in his motion. Petitioner only discusses computation of time and that the "complaint was filed two-and-a-half years past." As Petitioner has not made any specific request for discovery, the motion must be denied.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for discovery is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **November 7, 2014**

UNITED STATES MAGISTRATE JUDGE